Xu v. Rosen

BIA
Donnolo, IJ
A206 432 281

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-one.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

CHUANXIONG XU,
> *Petitioner,*

v.                                                          18-3808
                                                            NAC

JEFFREY A. ROSEN, ACTING UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Adedayo Idowu, Esq., Law Offices of Adedayo O Idowu, New York, NY.

FOR RESPONDENT:     Jeffrey Bossert Clark, Acting Assistant Attorney General; Nancy Friedman , Senior Litigation

Counsel; Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chuanxiong Xu, a native and citizen of the People's Republic of China, seeks review of a November 29, 2018, decision of the BIA affirming a November 28, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Chuanxiong Xu,* No. A 206 432 281 (B.I.A. Nov. 29, 2018), *aff'g* No. A 206 432 281 (Immig. Ct. New York City Nov. 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law de novo).

An asylum applicant must show that he has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 C.F.R. § 1208.13(b). Where, as here, an applicant did not suffer past persecution, he has the burden to establish a well-founded fear of future persecution. *Id.* § 1208.13(b)(1). To establish a well-founded fear of future persecution, an applicant must "present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A fear may be objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). However, a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005). "In determining whether

3

the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record."  8 U.S.C. § 1158(b)(1)(B)(ii).

The agency did not err in concluding that Xu failed to meet his burden to show an objectively reasonable fear of future persecution as a Christian.  As an initial matter, Xu challenges the agency's adverse credibility finding throughout his brief, but the only credibility finding was the IJ's conclusion that it was not plausible that the police could tie Xu to an unauthorized church merely by seeing his face as he fled during a raid.  The BIA did not explicitly address whether this testimony was implausible, instead holding that the allegation was insufficient to show the Chinese government was aware of Xu's religious practices.

Xu's escape from this raid was his only interaction with authorities, he did not mention that the police visited his home until re-direct, and he did not explain how the police could have known who he was just by seeing his face. Moreover, his only evidence to confirm that the police visited his home was a letter from his mother, which the agency was not required to credit.  *See  Y.C. v. Holder*, 741 F.3d 324,

4

332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's determination of the weight afforded to an alien's documentary evidence" and upholding BIA's decision not to credit letter from applicant's spouse in China); *Matter of H-L-H-& Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (holding that "letters from relatives and friends . . . do not provide substantial support" for claim of future persecution because "authors of the letters are interested witnesses who were not subject to cross-examination"), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Xu's argument that the agency ignored a letter from Encheng Li, a fellow practitioner who was arrested during the raid, is misplaced. Xu asserts that Li's letter shows how the police identified him because Li stated that the "police asked [him] to . . . provide a name list of all the attendees of the gathering." *Certified Administrative Record* at 266. However, Xu never mentioned this letter or Li during his testimony and, although he referenced Li's letter on appeal to the BIA, he did not argue that Li gave the authorities his name. And the letter itself is unclear: Li states that the

5

police asked him for names, but he does not state that he gave them any names or that he gave them Xu's name.

Finally, no other evidence supports his claim. Xu testified that his parents practice Christianity in an unauthorized church in China without harm. He presented no documentary evidence of conditions for Christians in China. And the State Department's 2016 report on religious freedom in China of which the IJ took administrative notice reflects varied enforcement of religious restrictions and does not identify any persecution of Christians in Fujian Province. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149, 165 (2d Cir. 2008) (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to his local area when persecutory acts vary according to locality).

Xu's failure to demonstrate the objectively reasonable fear of future harm in China as required to state an asylum claim, "necessarily" precludes him from meeting the higher standards for withholding of removal and CAT relief. *See Ramsameachire*, 357 F.3d at 178; *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court